UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

**KILLER JOE NEVADA, LLC,**

   Plaintiff,

 **v.**

**DOE-24.20.134.179,**

   Defendant.

Case No. 6:15-cv-00495-ST

**OPINION AND ORDER**

**STEWART, Magistrate Judge:**

## INTRODUCTION

Plaintiff, Killer Joe Nevada, LLC, a film production company, filed this copyright infringement action on March 26, 2014, against an individual Internet subscriber whose Internet Protocol address ("IP Address") was allegedly used to facilitate the unlawful downloading of the 2011 motion picture *Killer Joe* ("Movie") through the BitTorrent peer-to-peer file sharing system. Plaintiff is the registered copyright holder of the Movie. Defendant is identified only by the IP address of Doe-24.20.134.179 ("Doe defendant"). Identical suits have been filed both in this court and other district courts against other IP addresses.

Because the IP Address only identifies the subscriber, plaintiff filed, and this court granted, an *ex parte* motion to subpoena third party Comcast to determine the identity of the

person assigned to the IP Address used by Doe defendant in an effort to ascertain the identity of the actual defendant (dockets #3 & #6). Prior to any response from Comcast, Joseph A. Bahgat contacted plaintiff's counsel, Carl C. Crowell, and claimed to represent the subscriber. Mr. Bahgat also filed an Application for Special Admission *Pro Hac Vice* for "Def. John Doe, Subscriber IP Address 24.20.134.179" which this court granted (dockets #7 & #8).

A few days later, Doe defendant "identified only by his or her subscriber assigned IP Address 24.20.134.179" filed an unopposed Motion for Leave to Proceed Anonymously (docket #10), arguing that special circumstances warranted the need to preserve his or her identity. By that point, the parties were involved in settlement negotiations, but had been unable to agree on all the necessary terms. The court granted that motion (docket #11). Due to the breakdown in settlement negotiations, plaintiff filed a First Amended Complaint (docket #12), adding allegations in paragraphs 11 and 12 that "defendant, after investigation has been affirmatively identified as a resident of Salem, Oregon, and is affirmatively identified by their counsel," but "has been permitted to proceed anonymously." Mr. Bahgat subsequently filed an Acceptance of Service on behalf of "Doe defendant – 24.20.134.179" (docket #13).

Plaintiff has now filed a Motion for Order to Show Cause (docket #15) why Doe defendant's Motion for Leave to Appear *Pro Hac Vice* (docket #7), Motion for Leave to Proceed Anonymously (docket #10), and Acceptance of Service (docket #13) should not be stricken or, in the alternative, that the identity of the true defendant should be disclosed. For the following reasons, that motion is denied.

## DISCUSSION

As a threshold issue, plaintiff improperly seeks to strike motions filed by Doe defendant. Under FRCP 12(f), the court may only "strike from a pleading an insufficient

defense or any redundant, immaterial, impertinent, or scandalous matter." A pleading is defined in FRCP 7(a) as a complaint, answer, and reply, and does not include a motion. Instead of seeking to strike motions, plaintiff should seek to vacate the Court's orders granting those motions. Therefore, the court will construe plaintiff's motion as requesting that the court vacate its Orders granting Doe defendant's application and motion (dockets #8 & #11). If plaintiff believes that the Acceptance of Service is inadequate, then it is free to serve the Summons and First Amended Complaint on whomever it has identified as Doe defendant.

In support of its motion, plaintiff contends that it only agreed to allow the subscriber to the IP Address proceed anonymously as Doe defendant when Mr. Bahgat claimed to represent the actual defendant and liable party. In other similar cases resolved by settlement, plaintiff has agreed to entry of a stipulated consent judgment against a Doe defendant with the true identity of the defendant filed under seal. *See Voltage Pictures, LLC, v. Doe-67.166.84.*226, Case No. 3:14-cv-01241-AC. However, when settlement talks broke down here, Mr. Bahgat disputed that his client is the proper defendant, requested dismissal of the Complaint, and purportedly threatened Rule 11 sanctions. Because the subscriber will not admit liability, plaintiff believes that it will be prejudiced unless Doe defendant is identified by the subscriber's true name.

In response, the subscriber accuses plaintiff of attempting to preclude him/her from defending against plaintiff's claims as punishment for not admitting liability and agreeing to settle this matter for the amount demanded by plaintiff. After being contacted by Mr. Bahgat, Mr. Crowell offered to dismiss the claims if Mr. Bahgat's client would appear for a deposition in order to ascertain whether that person had reliable information about the identity of the alleged infringer. Bahgat Decl. (docket #17), ¶¶ 4-5. Before the deposition, Mr. Bahgat made

a settlement offer to Mr. Crowell on condition that his client remain anonymous. *Id*, ¶¶ 6-7. However, no agreement could be reached as to an appropriate amount to pay for plaintiff's attorney fees in order to settle this case. *Id*, ¶¶ 7-9. After plaintiff filed an amended complaint "that contained blatant misrepresentations of facts [Mr. Bahgat] disclosed to [Mr. Crowell] during one or more of [their] settlement discussions,"[1] Mr. Bahgat made an offer of judgment and requested evidence of Mr. Crowell's fees. *Id*, ¶¶ 11-12 & Ex. 3. Mr. Crowell refused to provide that evidence and demanded a FRCP 26(f) conference by June 30. *Id*, ¶¶ 12-14. Mr. Bahgat advised Mr. Crowell that the FRCP 26(f) conference was not due until the end of August, to which Mr. Crowell objected. Id, ¶¶ 16-18 & Ex. 4. As a result of this disagreement, Doe defendant urges the court not only to deny plaintiff's motion, but also to order plaintiff's counsel to show cause why the discovery plan should be modified to prematurely hold a FRCP 26(f) conference and to pay attorney fees incurred to defend this motion.

Whether a party may proceed anonymously is not determined by whether a settlement can or cannot be reached or whether liability is or is not disputed. Instead, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I through XXIII v. Advanced Textiles Corp.*, 214 F3d 1058, 1068 (9th Cir 2000). At this point, the subscriber of the IP Address denies liability as the alleged infringer[2] and disputes the amount of settlement demanded by plaintiff to avoid

---

[1] Mr. Bahgat has not identified which specific allegations contain those misrepresentations.
[2] According to an email from Mr. Crowell on June 11, 2015, Mr. Bahgat "confirmed that [his] client used BitTorrent and knew another used BitTorrent through his Internet service and that [his] client did not personally download the file, he knew who did and was aware of the activity in advance and allowed it to continue." Bahgat Decl., Ex. 3, p. 6.

4 – OPINION AND ORDER

litigation. Plaintiff states that it takes great care to ensure that only proper defendants are brought into litigation. Accordingly, plaintiff should not object to the subscriber proceeding anonymously until plaintiff identifies the proper defendant. At this early stage of this case, the subscriber claims that he/she would be prejudiced by being identified due to the substantial likelihood that his or her employer would find out about this litigation and take negative action against him or her. Other factors concerning the subscriber's privacy may also be relevant. In contrast, plaintiff has identified no public interest in forcing the subscriber to be identified. If plaintiff believes that the subscriber is, in fact, the proper defendant, then it should file a motion to substitute that person as the defendant identified by his/her true name.

Given the situation at the time Mr. Bahgat filed the Application for Special Admission *Pro Hac Vice*, unopposed Motion for Leave to Proceed Anonymously, and Acceptance of Service on behalf of his client, this court sees no reason to vacate its prior Orders as requested by plaintiff. Nor, based on the current submissions, does this court perceive any reason to force the subscriber to reveal his or her true name at this juncture. Instead, after conducting necessary discovery to identify the proper defendant, plaintiff should file an appropriate motion to substitute the Doe defendant with the proper defendant identified by his/her true name. That motion must be supported by facts establishing that the person to be substituted is the proper defendant and that no need exists to shield that person from retaliation if identified.

The parties also disagree as to when the FRCP 26(f) conference must held. To resolve that disagreement, this court orders that the parties must hold that conference by July 23, 2015. The court will set a FRCP 16 telephone scheduling conference shortly thereafter. The deadline for completing discovery is extended to September 30, 2015, and all other deadlines are stricken, to be reset at the scheduling conference. In the meantime, the court urges the

5 – OPINION AND ORDER

parties to continue their settlement negotiations, keeping in mind that any settlement is a compromise and must be proportional to the damages alleged and recoverable. This court cautions that it will not countenance litigation tactics designed primarily to gain leverage in settlement discussions.

## **ORDER**

Plaintiff's' Motion for Order to Show Cause (docket #15) is DENIED. In addition, the parties must hold a FRCP 26(f) conference by July 23, 2015, and complete discovery by September 30, 2015. All other case deadlines are stricken until a FRCP 16 conference is held.

DATED July 7, 2015.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge